UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY,<br><br>      Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>      Plaintiff,<br><br>vs.<br><br>BRIAN T. MARUMOTO and MARCELLA ANN MARUMOTO,<br><br>      Defendants. | Adv. Pro. No. 12-90015<br><br><br><br>Re: Docket No. 29 |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS 2, 3, AND 4

In this adversary proceeding, the chapter 7 trustee of a company that operated a Ponzi scheme seeks to recover money transferred to the defendants. The plaintiff filed a motion for partial summary judgment against defendants Brian and Marcella Marumoto on February 25, 2013. Dkt. no. 29. The Marumotos opposed the motion. Dkt. no. 32. The motion was heard on March 29, 2013. Melissa Miyashiro and Lissa Shults appeared on behalf of the plaintiff trustee.

The Marumotos appeared pro se. After oral argument, I took the matter under advisement.

I.  **FACTS**

From 1986 until the date of filing for bankruptcy, the debtor, MFC, Maui Industrial Loan & Finance Company, Inc. ("MFC"), under the direction of its principal owner and CEO, Lloyd Kimura, enticed investors to invest in a Ponzi scheme which promised substantial returns.

MFC transferred $13,508.98 to the Marumotos. On January 21, 2004, the Marumotos executed a promissory note in favor of MFC in the same amount. The Marumotos made two payments toward the loan, in the aggregate amount of $8,800.00. The balance of the loan, they contend, was satisfied when they paid Mr. Kimura's gambling debts.

On September 20, 2006, and September 2, 2009, the Marumotos received two checks from Mr. Kimura's personal checking account, totaling $13,200.00. The Marumotos say that these transfers represent reimbursement for Mr. Kimura's personal debts that the Marumotos had previously paid.

On January 28, 2010, MFC filed for chapter 7 relief under the Bankruptcy Code and plaintiff Dane S. Field was appointed trustee. On January 5, 2011, Mr. Kimura pleaded guilty to numerous federal felonies related to the Ponzi scheme

and executed a plea agreement.

The trustee commenced this adversary proceeding on January 25, 2012, to recover as fraudulent the transfers made by MFC and Mr. Kimura to the Marumotos as initial transferees. The trustee now seeks partial summary judgment on transfers totaling $17,708.98 plus prejudgment interest.

## II.   STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), Fed. R. Bankr. P. 7056; see also Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). In making this determination, the court views the evidence in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in favor of the nonmoving party. McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

## III.   DISCUSSION

The trustee seeks partial summary judgment on his claims that the transfers

3

to the Marumotos were fraudulent under the Bankruptcy Code, 11 U.S.C. § 544(b)(1) (2006), and the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. § 651C-4(a) (2009) (counts 3 and 4). The trustee further contends that the Marumotos are liable for the fraudulent transfers pursuant to 11 U.S.C. § 550(a)(1) (count 2).

## A. Trustee's Right to Avoid Transfers

Under section 544(b)(1), the plaintiff trustee succeeds to the rights of an actual unsecured creditor existing at the commencement of the case and has the authority to prosecute that creditor's state law fraudulent transfer actions. The trustee need not identify a specific unsecured creditor, as long as an unsecured creditor exists. In re Appleseed's Intermediate Holdings, LLC, 470 B.R. 289 (D. Del. 2012); In re Leonard, 125 F.3d 543, 544 (7th Cir. 1997). Many creditors have filed unsecured claims in the underlying bankruptcy case. See Bk. Case No. 10-00235, Cl. Reg. The trustee, therefore, has the authority to challenge the alleged transfers under applicable state law.

## B. Elements of Fraudulent Transfer

The Hawaii Uniform Fraudulent Transfer Act permits the trustee to avoid "a transfer made or obligation incurred by a debtor [that] is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or

4

the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor . . . ." Haw. Rev. Stat. § 651C-4(a)(1).

Mr. Kimura's plea agreement conclusively establishes that MFC operated a Ponzi scheme with the intent to hinder, delay, or defraud creditors. Dkt. no. 29, ex. A; In re Slatkin, 525 F.3d 805 (9th Cir. 2008). Courts presume that Ponzi scheme operators intend to hinder, delay, or defraud creditors. See, e.g., Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008); Barclay v. Mackenzie, 525 F.3d 700, 704 (9th Cir. 2008). Where the organizer admits the existence of a Ponzi scheme in a criminal plea, the presumption becomes conclusive, In re Slatkin, 525 F.3d at 814, and the bankruptcy trustee need only establish that transfers were made between certain years and for a total certain sum. In re Thomas, 47 B.R. 27, 31 (Bankr. S.D. Cal. 1984).

The trustee proved that MFC transferred at least $13,508.98 to the Marumotos. Dkt. no. 29, Exhibit B. These transfers are fraudulent under 11 U.S.C. § 544(b)(1) and Haw. Rev. Stat. § 651C-4(a).

The trustee argues that the transfers totaling $13,200.00 made by Mr. Kimura are fraudulent because Mr. Kimura's plea agreement establishes his personal fraudulent intent. I do not need to reach this conclusion, however,

5

because there are other genuine issues of material fact that preclude summary judgment on these transfers.

    C.    <u>Limitations Period</u>

The Marumotos argue that Mr. Kimura had over six years to pursue collection efforts, but failed to do so. The limitations period, therefore, has expired and the trustee should no longer be able to pursue collection. This argument appears to refer to the six-year statute of limitations for a breach of contract claim under Haw. Rev. Stat. § 657-1(1) (West 2012).

The trustee does not allege a breach of contract and does not attempt to collect a debt. Therefore, the six-year statute does not apply. Rather, the trustee seeks recovery of certain transfers as fraudulent under the Bankruptcy Code and Hawaii law. I have held in similar cases that the limitations period under Haw. Rev. Stat. § 651C-9(1) had not expired as of the date of the bankruptcy filing. Because the trustee commenced this adversary proceeding less than two years after the bankruptcy filing, the trustee's claims are therefore timely under 11 U.S.C. § 108(a); Haw. Rev. Stat. § 651C-9(1). <u>See</u>, <u>e.g.</u>, <u>Field v. Trust Estate of Rose Kepoikai</u> (<u>In re Maui Indus. Loan & Finance Co.</u>), 477 B.R. 134, 143-44 (Bankr. D. Haw. 2012).

6

U.S. Bankruptcy Court - Hawaii   #12-90015   Dkt # 41   Filed  04/09/13   Page 6 of 10

D.  The Marumoto's Liability

1.  *The Marumotos Are Initial Transferees*

The trustee seeks to recover the avoidable transfers from the Marumotos pursuant to 11 U.S.C. § 550.  This section provides that: "to the extent that a transfer is avoided under section 544 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer . . . or any immediate or mediate transferee of such initial transferee."  11 U.S.C. § 550(a)(1).

The Marumotos do not dispute that they are the initial, and only, transferees of the original loan from MFC in the amount of $13,508.98 and the two personal checks from Mr. Kimura.

2.  *The Marumotos' Good Faith Defense*

The initial transferee of a transfer avoided under section 651C-4(a)(1) has an affirmative good faith defense: "[a] transfer . . . is not voidable under section 651C-4(a)(1) against a person who took in good faith and for a reasonably equivalent value[.]"  Haw. Rev. Stat. § 651C-8(a).  The Marumotos, as initial transferees, bear the burden of establishing both of these elements.  In re Cohen, 199 B.R. 709, 718 (B.A.P. 9th Cir. 1996); Uniform Fraudulent Transfer Act § 8(a) comment 1 ("The person who invokes this defense carries the burden of

7

U.S. Bankruptcy Court - Hawaii   #12-90015   Dkt # 41   Filed 04/09/13   Page 7 of 10

establishing good faith <u>and</u> the reasonable equivalence of the consideration exchanged.") (emphasis added).

The trustee, for the purposes of this motion, concedes that the Marumotos took the transfers in good faith. He also agrees that the Marumotos made two payments to MFC toward the loan, totaling $8,800.00, and that these payments constitute reasonably equivalent value.

The Marumotos further contend that they satisfied the balance of the loan, approximately $4,708.98, by paying personal gambling debts of Mr. Kimura. The Marumotos are unable to establish that these payments constitute reasonably equivalent value. The primary focus of the reasonable value inquiry must be on whether the <u>debtor</u> received reasonably equivalent value, not on whether the defendants gave reasonably equivalent value to someone else. <u>See</u>, <u>e.g.</u>, <u>In re Lucas Dallas, Inc.</u>, 185 B.R. 801, 807 (B.A.P. 9th Cir. 1995); <u>In re Agricultural Research & Technology Group, Inc.</u>, (<u>Hayes v. Palm Seedlings Partners-A</u>), 916 F.2d 528, 540 (9th Cir. 1990). The Marumotos provided a personal benefit to Mr. Kimura by satisfying his gambling debts. They did not, however, give equivalent value to the debtor (MFC). The Marumotos, therefore, cannot rely on the good faith defense under Haw. Rev. Stat. § 651C-8(a). The trustee is entitled to recover $4,708.98 from the Marumotos.

8

The Marumotos argue that the two transfers from Mr. Kimura were actually payments made to reimburse them for their prior payments of Mr. Kimura's personal debts. Satisfaction of an antecedent debt is "value" for the purposes of the fraudulent transfer statute. Haw. Rev. Stat. § 651C-3. The trustee does not provide evidence to refute this contention. Rather, the trustee argues that: (1) the Marumotos' declaration is self-serving; (2) the Marumotos admit they have no documents to prove the transfers were payments for a prior debt; and (3) the arguments by the Marumotos should have been raised as a defense in their answer to the complaint. I do not find these arguments persuasive. First, a declaration is admissible as evidence even though it stands to benefit the individual offering it. Second, even assuming the Marumotos have no documents proving the checks were made to satisfy a prior debt, they would still be able to testify to that effect at trial. They should be permitted to do so. Third, as pro se litigants, I will allow the Marumotos to make this argument even though they did not include it as an affirmative defense in their answer to the complaint.

The Marumotos have raised a genuine issue of material fact as to whether the two checks from Mr. Kimura were made on account of an antecedent debt owed to the Marumotos. Summary judgment as to these transfers, therefore, should be denied.

9

U.S. Bankruptcy Court - Hawaii   #12-90015   Dkt # 41   Filed 04/09/13   Page 9 of 10

E.  Prejudgment Interest

The court has discretion to grant prejudgment interest under state law on the fraudulent transfers from the date each transfer was made. In re Slatkin, 525 F.3d at 820; In re Agricultural Research and Technology Group, Inc., 916 F.2d 528, 541-42 (9th Cir. 1990). "[P]rejudgment interest should not be thought of as a windfall in any event; it is simply an ingredient of full compensation that corrects judgments for the time value of money." Donell, 533 F.3d at 772 (quoting In re P.A. Bergner & Co., 140 F.3d 1111, 1123 (7th Cir. 1998)).

The trustee should recover pre-judgment interest at the Hawaii rate of 10 percent per annum from the date on which the transfers were made. Haw. Rev. Stat. § 636-16; Donell, 533 F.3d at 772; Eastman v. McGowan, 86 Hawai'i 21, 28, 946 P.2d 1317, 1324 (1997).

* * *

For these reasons, the trustee's motion for partial summary judgment is granted in part and denied in part. The trustee is entitled to recover from the Marumotos the amount of $4,708.98 plus pre-judgment interest. Summary judgment is denied as to the transfers from Mr. Kimura totaling $13,200.00.

10

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 04/09/2013