# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN &<br>FINANCE COMPANY,<br><br>      Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>      Plaintiff,<br><br>  vs.<br><br>BRIAN T. MARUMOTO and<br>MARCELLA ANN MARUMOTO,<br><br>      Defendants. | Adv. Pro. No. 12-90015<br><br><br><br><br><br>Re: Docket No. 42, 46 |

## MEMORANDUM OF DECISION  REGARDING MOTIONS TO RECONSIDER PARTIAL SUMMARY JUDGMENT

Both sides seek reconsideration of my order (dkt. no. 41)  granting in part

and denying in part the trustee's motion for partial summary judgment.  The

plaintiff trustee argues (dkt. no. 42) that I should have decided that Mr. Kimura's

plea agreement conclusively establishes his fraudulent intent, not only when he

caused his company to make transfers, but also when he personally made transfers.

The defendants, Brian and Marcella Marumoto, argue (dkt. no. 46) that they gave

U.S. Bankruptcy Court - Hawaii   #12-90015   Dkt # 52   Filed  05/08/13   Page 1 of 5

value in exchange for all of the transfers they received.  I will grant the trustee's motion and deny the Marumotos' motion.

I ruled that, under <u>In re Slatkin</u>, 525 F.3d 805 (9th Cir. 2008), Mr. Kimura's plea agreement conclusively establishes that his company, Maui Industrial Loan & Finance Co. ("MFC"), operated a Ponzi scheme from 1986 - 2010 and that during that time all transfers from MFC were made with the actual intent to hinder, delay, and defraud creditors.  I have so held in many adversary proceedings arising out of MFC's bankruptcy case.  <u>See</u>, <u>e.g.</u>, <u>In re Maui Indus. Loan & Finance Co.</u>, 463 B.R. 499, 503 (Bankr. D. Haw. 2011).  I declined to decide whether the plea agreement also conclusively establishes that all of Mr. Kimura's personal transfers were also made with fraudulent intent.  I did so because I found that there were genuine issues of material fact concerning whether the Marumotos gave value in exchange for the transfers they received from Mr. Kimura, and that resolution of the value question might make it unnecessary to decide the issue of intent.

The trustee argues that I should decide the question of Mr. Kimura's intention in order to clarify what issues remain for trial.  Upon reflection, I conclude that the trustee is correct.

Mr. Kimura's plea agreement conclusively establishes his fraudulent intent respecting his personal transfers.  In the plea agreement, Mr. Kimura repeatedly

U.S. Bankruptcy Court - Hawaii  #12-90015  Dkt # 52  Filed  05/08/13  Page 2 of 5

admitted that he created, ran, and benefitted from the Ponzi scheme. For example, he admitted that, "[i]n or about the late 1980's, [Mr. Kimura] devised, operated and participated in a scheme whereby he solicited individuals, usually clients related to his business as a Certified Public Accountant[,] to invest money with him and/or [MFC]." (Dkt. no. 29-3 at 5, emphasis added.) He repeatedly referred to the scheme as "his scheme." The plea agreement establishes that Mr. Kimura's Ponzi structure was not isolated to one specific entity, but rather encompassed a web of transactions all orchestrated by Mr. Kimura himself.

Further, it makes no sense to say that MFC had fraudulent intent but Mr. Kimura did not. MFC is an artificial entity that cannot form an intention itself. Its intent came solely from the person in control, Mr. Kimura. MFC and Mr. Kimura must have had the same intention, and the plea agreement establishes that that intention was fraudulent.

The plea agreement, therefore, establishes Mr. Kimura's and MFC's fraudulent intent as to all of the transactions conducted during the Ponzi scheme. For this reason, the trustee's motion to reconsider should be granted.

The Marumotos argue that the court's order was manifestly unjust because it held them liable for $4,708.98, a debt which they have already paid. This argument rests on a misunderstanding of the nature of the trustee's case. If the

U.S. Bankruptcy Court - Hawaii  #12-90015  Dkt # 52  Filed  05/08/13  Page 3 of 5

trustee were suing the Marumotos to collect an unpaid loan, the Marumotos could argue that they already repaid the loan. But this is not a suit to recover an unpaid loan. Instead, the trustee is suing to recover money which MFC and Mr. Kimura transferred to the Marumotos to the detriment of the creditors of MFC and Mr. Kimura. In such a suit, payments which the Marumotos made to MFC or Mr. Kimura are relevant only for purposes of the affirmative defense provided by Haw. Rev. Stat. § 651C-8(a): "[a] transfer . . . is not voidable under section 651C-4(a)(1) against a person who took in good faith and for a reasonably equivalent value[.]" Haw. Rev. Stat. § 651C-8(a).

If a person receives a transfer in payment of a debt which the transferor owes to the recipient, then satisfaction of the debt is "value." But if the transfer is made in payment of a debt owed by someone else, satisfaction of the debt is <u>not</u> value. The primary focus of the reasonable value inquiry must be on whether the <u>transferor</u> (in this case, MFC) received reasonably equivalent value, not on whether the defendants gave reasonably equivalent value to someone else. <u>See, e.g., In re Lucas Dallas, Inc.</u>, 185 B.R. 801, 807 (B.A.P. 9th Cir. 1995); <u>In re Agricultural Research & Technology Group, Inc.</u>, (<u>Hayes v. Palm Seedlings Partners-A</u>), 916 F.2d 528, 540 (9th Cir. 1990). The Marumotos provided a personal benefit to Mr. Kimura by satisfying his gambling debts. They did not,

U.S. Bankruptcy Court - Hawaii  #12-90015  Dkt # 52  Filed  05/08/13  Page 4 of 5

however, give equivalent value to MFC. The Marumotos, therefore, cannot rely on the defense of good faith and value under Haw. Rev. Stat. § 651C-8(a) in respect of the transfers they received from MFC.

In his response to the Marumotos' motion, the trustee argues that (a) all of the payments which the Marumotos allegedly made to Mr. Kimura arose out of gambling debts, (b) gambling is illegal and gambling debts are unenforceable, and (c) the satisfaction of an illegal gambling debt cannot constitute value. Because this argument was first made in a response to a motion for reconsideration, I will not address it at this juncture.

* * *

For these reasons, the trustee's motion to reconsider is granted. The Marumoto's motion to reconsider is denied.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 05/08/2013

5